IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL SANTANA QUIÑONES,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL NO.: 16-2908 (MEL) |

**OPINION AND ORDER**

Pending before the court is Israel Santana Quiñones's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits. Plaintiff—who applied for disability alleging lumbar, leg tremors, and depression—challenges the administrative law judge's decision with regard to steps four and five of the sequential process.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed an application for Social Security benefits alleging that on December 15, 2008 ("the onset date"), he became unable to work due to disability. Tr. 305.[1] Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. Tr. 20. Prior to becoming unable to work, Plaintiff was a construction worker. Tr. 26. The claim was denied on April 29, 2013, and upon reconsideration. Tr. 17, 50. Thereafter, Plaintiff requested a hearing, which was held on February 6, 2015 before Administrative Law Judge Harold Glanville (hereafter "the ALJ"). Tr. 34. On April 10, 2015, the ALJ issued a written decision finding that Plaintiff was "not under a disability, as defined in the Social Security Act, at any time from

---

[1] "Tr." refers to the transcript of the record of proceedings.

December 15, 2008, the alleged onset date, through December 31, 2011, the date last insured." Tr. 28.  Thereafter, Plaintiff requested review of the ALJ's decision.  Tr. 8.  Plaintiff's request for review was denied by the Appeals Council, rendering the ALJ's decision the final decision of the Commissioner of Social Security, subject to judicial review.  Tr. 1–3.  Plaintiff filed a complaint on November 1, 2016.  ECF No. 1.  Both parties have filed supporting memoranda. ECF Nos. 18–19.

## II. LEGAL STANDARD

### A. Standard of Review

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence.  Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error."  López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence."

Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

### B. Disability under the Social Security Act

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that the plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether the plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether the plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether the plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then the plaintiff is conclusively found to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether the plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that the plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether the plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work

in the national economy that the plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### III.   THE ALJ'S DETERMINATION

In the case at hand, the ALJ found in step one of the sequential process that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 15, 2008. Tr. 20. At step two, the inquiry as to severe impairments resulted in the ALJ determining that Plaintiff had restless leg syndrome, thoracic and lumbar spondylosis, and depressive disorder since July 2011. Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 21. Next, the ALJ determined that Plaintiff had

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he had to alternate positions between sitting and standing at 1 hour intervals during an 8-hour workday. He was limited to unskilled work that involves simple and repetitive tasks.

Tr. 23. At step four, the ALJ determined that through the date last insured, Plaintiff could not perform any past relevant work. Tr. 26. At step five, the ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience to a vocational expert. The vocational expert testified, taking all of these factors into account, that an individual would be able to perform the requirements of the following representative occupations: marker, electronic worker, and sorter. Tr. 27. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that he was not disabled. Tr. 28.

### IV.   ANALYSIS

Plaintiff challenges the ALJ's decision with regard to steps four and five of the sequential process.

First, Plaintiff argues that the ALJ erroneously discounted his subjective complaints of pain. In March 2011, an X-ray revealed that Plaintiff had muscle spasms and "early" spondylosis. Tr. 359. However, subsequent studies did not establish degenerative changes across the lumbar spine. Tr. 486–87, 503. In May 2012, Dr. Ramón del Prado opined that Plaintiff did not require surgical intervention. Tr. 382. The ALJ also noted that while Plaintiff testified that he used a cane, the cane was not prescribed.[2] Tr. 38. Accordingly, the ALJ concluded that Plaintiff's allegation that he could not sustain work over the entire workday due to disabling pain was unpersuasive, a conclusion supported by substantial evidence.[3] Tr. 25.

Second, Plaintiff challenges the ALJ's RFC determination with regard to his obesity and depressive disorder. These challenges cannot succeed because Plaintiff cites to no evidence suggesting that the ALJ's assessments were incorrect. Plaintiff merely states, with no further detail, that his obesity and depressive disorder had an impact on his ability to perform certain activities.

Third, Plaintiff critiques the ALJ's alleged failure to include any limitations involving restless leg syndrome in the RFC.[4] Plaintiff's characterization of the ALJ's opinion is inaccurate. The ALJ took note of both Plaintiff's claim that he suffered from bilateral leg tremors and his restless leg syndrome diagnosis, the latter of which *supported* his allegation of constant movement of legs. Tr. 23–24. The ALJ went on to describe Dr. Osvaldo Rivera's statement that Plaintiff's constant leg movements constituted a non-severe impairment. Tr. 24.

---

[2] The ALJ permissibly relied on the fact that the cane was not prescribed to exclude any limitations involving cane use in the RFC.

[3] Plaintiff counters that he was prescribed pain medication such as Tramadol HCL and Norflex. Tr. 353, 483, 491. However, "[w]hen a conflict in evidence exists, the ALJ may choose whom to credit." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

[4] Restless leg syndrome is "unpleasant deep discomfort including paresthesias inside the calves when sitting or lying down, especially just before sleep, producing an irresistible urge to move the legs." Crawford v. Colvin, No. 5:13CV00049, 2014 WL 3908205, at *1 (W.D. Va. Aug. 11, 2014).

The ALJ stated that he gave *little* weight to the conclusion that Plaintiff's constant leg movements were non-severe. Id.

Fourth, Plaintiff argues that his age alone cannot be used to conclude that he is not disabled. This argument goes nowhere due to Plaintiff's failure to cite to evidence indicating that either the ALJ or the vocational expert exclusively relied on his age to conclude that he was not disabled.

**V. CONCLUSION**

Based on the foregoing analysis, the court concludes that the decision of the Commissioner was based on substantial evidence. Therefore, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of March, 2019.

s/Marcos E. López  
U.S. Magistrate Judge